IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LUNA INNOVATIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 7:21-cv-00188 |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| KISS TECHNOLOGIES, INC., | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on defendant Kiss Technologies, Incorporated's motion to dismiss plaintiff Luna Innovations Incorporated's First Amended Complaint, ECF No.16, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained at the April 7, 2022, hearing and herein, the court **DENIES** the motion to dismiss.

## I.   BACKGROUND

Kiss Technologies, Incorporated ("Kiss") requested quotes from Luna Innovations Incorporated ("Luna") for certain goods in December 2017; June 7, 2018; October 25, 2018; June 7, 2018; and May 2, 2019. Am. Compl., ECF No. 16, at 3–4. Kiss accepted the quotes for each of the orders and the accompanying terms and conditions, Luna shipped the goods, and Luna issued invoices to Kiss. Id. Kiss did not pay Luna in full for any of the orders. Id. Luna's Sales Terms and Conditions contained a Virginia choice of law provision stating "[t]hese Terms shall be interpreted in accordance with the substantive laws of the Commonwealth of Virginia." Am. Compl., Ex. A, ECF No. 16-1, at 10, ¶ 14(k). Kiss "agreed

to pay Luna 'a late payment charge of 1.5 percent per month, or the maximum rate permitted by applicable law, whichever is less, on any unpaid amount for each calendar month or fraction thereof that any payments are in arrears to Luna.'" Am. Compl., ECF No. 16 at 5, ¶ 12. Kiss also agreed that if it breached its obligations, it would "be liable for Luna's costs of collection, including reasonable attorney's fees." Id. Paragraph 14(i) of the Luna Sales Terms and Conditions contains a contractual period of limitations, stating "[a]ny cause of action arising out of or related to these Terms must be brought no later than one year after the cause of action has accrued." Am. Compl., Ex. A, ECF No. 16-1, at 10, ¶ 14(i).

On July 16, 2020, Kiss's Chief Executive Officer, J. Michael Kiss, admitted to Luna through a signed writing that Kiss's debt for the goods it ordered, received, and accepted "was due and owing and promised that Kiss would pay that debt by making monthly payments of $5,000 until Kiss could pay the outstanding balance in full." Id. ¶ 13. Kiss made one $5,000 payment to Luna in July 2020 and one in August 2020. Id. ¶ 14. However, since then, Kiss has not made any more payments to Luna. Id. ¶ 15. Kiss still owes Luna no less than $246,492.26 for its orders. Id. at 6, ¶ 17.

Luna argues that Kiss's July 16, 2020, admission of debt and promise to pay that debt was a "new promise" under Va. Code § 8.01-229(G), and that is thus "restarted any applicable limitations period for Luna to bring any cause of action against Kiss for failing or refusing to pay for those goods." Id. at 5–6, ¶ 16.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. At this stage, the court must accept as true all well-

pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

### III.   DISCUSSION

A. <u>Luna's breach of contract claim is not time-barred by the contractual limitations period.</u>

This case is governed by Virginia law, both because it is founded on diversity jurisdiction and because the parties agreed that Virginia law governs. Under Virginia law, "[p]arties to a contract properly may agree that a claim under the contract must be enforced within a shorter time limit than that fixed by statute if the contractual provision is not against public policy and if the agreed time is not unreasonably short." Bd. of Supervisors of Fairfax Cnty. v. Sampson, 235 Va. 516, 520, 36 S.E.2d 178, 180 (1988). Under the Uniform Commercial Code, the statute of limitations in contracts for sale is four years. Va. Code § 8.2-725(1). Parties to a contract are permitted to "reduce the period of limitation to not less than one year," but they are not permitted to extend it. Id.

Virginia Code § 8.01-229(G), titled "Effect of new promise in writing" provides as follows:

> 1. If any person against whom a right of action has accrued on any contract, other than a judgment or recognizance, promises, by writing signed by him or his agent, payment of money on such contract, the person to whom the right has accrued may maintain an action for the money so promised, within such number of years after such promise as it might be maintained if such promise were the original cause of action. An acknowledgment in writing, from which a promise of payment may be implied, shall be deemed to be such promise within the meaning of this subsection.
>
> 2. The plaintiff may sue on the new promise described in subdivision 1 or on the original cause of action, except that when the new promise is of such a nature as to merge the original cause of action then the action shall be only on the new promise.

"'A new promise, made before a debt is barred by the statute of limitations, is held not to create a new and substantive contract, but to be merely evidence of an existing liability, and to fix a new date from which the statute runs.'" Ingram v. Harris, 174 Va. 1, 4, 5 S.E.2d 624, 625 (1939) (quoting 17 R.C.L. Limitation of Actions, section 254, page 895). A new promise "'made after the statute has run gives a new cause of action, for which the old debt is a consideration.'" Id., 174 Va. at 5, 5 S.E.2d at 625 (quoting Wood on Limitations (4th Ed.), Vol. 1, section 81, p. 432).

In Ingram, in February 1938, the executor of an estate, R.E. Ingram ("Ingram"), sued J.C. Harris ("Harris") for the balance due on a sealed promise to pay a debt dated August 9, 1923. Harris claimed the suit was barred by the ten-year statute of limitations, but Ingram said he was relying on Harris's April 16, 1930 promise to pay. Harris then claimed that the suit was still barred because the five-year statute of limitations from the date of the new promise had run.[1] The Virginia Supreme Court held that the Halifax Circuit Court erred in ruling that the

---

[1] A sealed promise had a ten-year statute of limitations, whereas an unsealed promise in writing had a five-year statute of limitations. See Ingram, 174 Va. at 3, 5 S.E.2d at 624.

right to sue on the original promise was barred by the five-year statute of limitations on the new written promise, reasoning that after the new promise, the original statute of limitations "began anew and ran for the period applicable to the original contract," meaning ten years. Id.; 174 Va. at 6, 5 S.E.2d at 626.

Here, Luna and Kiss agreed that the period of limitations for which to bring any claims related to the contract would be one year. Memo. in Supp. of Mot. to Dismiss, ECF No. 18, at 4 (internal citations omitted). Under Virginia law, this was permissible. See Sampson, 235 Va. at 520, 369 S.E.2d at 180. Kiss argues that the "cause of action for nonpayment of the Luna invoices accrued when Kiss failed to submit full payment within the requisite payment period provided on the invoice." ECF No. 18, at 5. Luna seeks payment for six invoices, as to which payment was due on August 13, 2018; September 9, 2018; September 28, 2018; November 24, 2018; March 24, 2019; and June 5, 2019. For the first four invoices, Kiss asserts that the statute of limitations ran one year later, on August 14, 2019; September 10, 2019; September 29, 2019; and November 25, 2019. The last two invoices were subject to tolling orders issued by the Supreme Court of Virginia in response to the COVID-19 pandemic, and Kiss asserts that the statute of limitations on them ran on July 29, 2020; and October 11, 2020, respectively. Applying the one-year contractual limitations period, Kiss asserts that "even the most recent invoice upon which Luna sues is 172 days beyond the Terms and Conditions' unambiguous one-year limitations period." Id.

Luna alleges that Kiss made a new promise to repay on July 16, 2020. Am. Compl. at 5, ¶13. The new promise to pay was made after the statute of limitations had expired on the first four invoices, but before the period expired as to the last two invoices.

Kiss argues that while Va. Code § 8.01-229(G) applies to statutes of limitations, it has no impact on contractually set periods of limitations. For its argument, Kiss relies on two Virginia Supreme Court cases holding that the tolling provision in the Virginia nonsuit statute did not apply to contractual periods of limitations. Massie v. Blue Cross and Blue Shield of Virginia, 256 Va. 161, 165, 500 S.E.2d 509, 511 (1998); Allstate Prop. and Cas. Ins. Co. v. Ploutis, 290 Va. 226, 233–34, 776 S.E.2d 793, 797 (2015).

In Massie, Larry and Sondra Massie sued Blue Cross and Blue Shield of Virginia ("Blue Cross"), their group health and hospitalization insurer, for payment of oral surgery bills under the terms of the Blue Cross policy. The policy provided that "[n]o action at law or suit in equity may be brought against the plan more than twelve (12) months after the date on which the causes of action accrued." The Massies nonsuited their original suit and recommenced it within six months pursuant to Va. Code § 8.01-229(E)(3). Although the suit was refiled after the twelve-month limitations period in the policy, the Massies argued that their suit was timely because of the tolling provision in the nonsuit statute. The Supreme Court of Virginia disagreed. The court focused on the text of the tolling provision, Va. Code § 8.01-229(E)(3), which provided that "*the statute of limitations* with respect to such action shall be tolled by the commencement of the nonsuited action" Massie, 256 Va. at 165, 500 S.E.2d at 511 (emphasis in original). The court reasoned "[t]he plain meaning of this phrase is that, after a voluntary nonsuit, the *statute* of limitations, not a *contractual* period of limitations, is tolled, and the plaintiff may recommence the suit within six months or within the original period of limitation, whichever is longer." Id. (emphasis in original). The court concluded "[b]y agreeing to a period of limitations different from the statutory period, the parties chose to exclude the operation

of the statute of limitations and, in doing so, also excluded its exceptions." Id., 256 Va. at 166, 500 S.E.2d at 512.

In Allstate v. Ploutis, homeowners sued Allstate to recover damages from burst water pipes. The insurance policy required actions be brought within two years after the inception of loss or damage. Plaintiffs filed their original action three days before the two-year contractual period ran and later nonsuited it. Plaintiffs refiled the action within the nonsuit tolling period specified in Va. Code § 8.01-229(E)(3), but well after the two-year period required by the policy. The Fairfax Circuit Court overruled Allstate's demurrer based on Massie by concluding that Allstate's policy conformed to Virginia's statutory requirements for fire insurance policies, thus converting the contractual limitations period into a statute of limitations. The Supreme Court of Virginia disagreed, reasoning that "[t]he circuit court's conclusion that the contractual limitations provision in Allstate's policy was a statute of limitation also ignores the voluntary nature of insurance contracts and the essential difference between a contractual period of limitation and a statute of limitation." 290 Va. at 233, 776 S.E.2d at 797.[2]

Massie and Ploutis do not carry the day for Kiss. Both of those decisions are rooted in the language of the nonsuit tolling provision, Va. Code § 8.01-229(E)(3), which provided for tolling of statutes of limitations. In each case, the Virginia Supreme Court read the literal text of the tolling provision to only cover periods of limitations created by statute, as opposed to those created by contract.

---

[2] The holdings in Massie and Ploutis were abrogated by statute in 2016. The General Assembly amended Va. Code § 8.01-229(E)(3) to provide for tolling after a nonsuit "regardless of whether the statute of limitations is statutory or contractual."

In contrast, the "statute" language central to the decisions in <u>Massie</u> and <u>Ploutis</u> is not found in Va. Code § 8.01-229(G), governing the effect of a new promise in writing. In contrast to § 8.01-229(E)(3), which is a tolling provision, § 8.01-229(G) is an accrual provision. As such, <u>Massie</u> and <u>Ploutis</u> are entirely inapposite.

Nothing in the text of § 8.01-229(G) limits its application to statutes of limitations, as opposed to contractual limitations periods. Accordingly, the court concludes that the accrual of a right of action on a contract is governed by § 8.01-229(G), regardless of whether the limitations period is set by a statute of limitations or by contract.

In this case, Luna alleges that Kiss made a new written promise to pay on July 16, 2020. Per § 8.01-229(G), Luna's right of action accrued on that date. Because Luna brought suit on April 1, 2021, within one year of the accrual of its right of action, its claim is not barred by the contractual period of limitations in ¶ 14(i) of the Luna Sales Terms and Conditions.

    B.  <u>Luna may state a claim for breach of an implied contract as an alternative theory of recovery.</u>

Kiss argues that Luna's claim for breach of an implied contract should be dismissed because an express contract governs the relationship of the parties. Memo. in Supp. of Mot. to Dismiss, ECF No. 18 at 7. Luna argues that though it cannot recover under both a breach of contract theory and an implied contract theory, it is permitted to plead alternative theories of relief. Opp. to Mot. to Dismiss, ECF No. 22 at 14. Importantly, Luna explains that it is permitted to plead breach of an implied contract because Kiss has not admitted the existence or validity of the express contract. <u>Id.</u>

Under Virginia law, "an express contract defining the rights of the parties necessarily precludes the existence of an implied contract of a different nature containing the same subject

matter." The rights of the parties are to be determined by the provisions of the express contract, and the law will not imply an agreement in contravention thereof. <u>Southern Biscuit Co. v. Lloyd</u>, 174 Va. 299, 311, 6 S.E.2d 606, 606 (1940). At the same time, however, "under Virginia and federal law, a plaintiff is permitted to plead equitable theories of relief such as unjust enrichment or quantum meruit as alternatives to contract recovery." <u>Mendoza v. Cederquist</u>, No. 1:09-cv-163, 2009 WL 1254669, at *3 (E.D. Va. May 6, 2009). At this stage, because Kiss has not conceded that the express contract was valid, Luna is permitted to plead breach of an implied contract as an alternative theory of recovery.

## IV.    CONCLUSION

Accordingly, the court **DENIES** defendant's motion to dismiss in its entirety. An appropriate order will be entered.

Entered:  May 3, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.05.03 11:21:51
-04'00'

Michael F. Urbanski
Chief United States District Judge